WILLIAM N. GREER, Plaintiff and Appellant, v. RALPH PÉREZ PERRY, Defendant and Appellee.

No. 8324.   Argued November 25, 1941.—Decided December 8, 1941.

*Edgar S. Belaval* for appellant.   *Mario Báez García* for appellee..

MR. JUSTICE DE JESÚS delivered the opinion of the court.

This is an appeal from an order setting aside a judgment by default and allowing the defendant to file his answer. The action involved is one to recover on a promissory note

in which the defendant alleged in his verified answer that the action had prescribed and that the obligation had been extinguished by payment. This is not a case where the defendant has failed to show his purpose to defend. On the contrary, he timely applied for a change of venue to the district where he resides, attaching to the motion demurrers for prescription and for insufficiency, his attorney, moreover, having traveled several times from Mayagüez to San Juan in order to argue the objections thus raised. The motion for a change of venue was overruled and so was afterwards the demurrer on the ground of prescription. No action was taken as to the ground of insufficiency of the complaint and this, as claimed by the attorney for the defendant, led him to believe that the case was not yet ready for the filing of an answer, although he was allowed ten days to file such answer. After that period had expired without an answer being filed, his default was noted and the corresponding judgment was entered by the clerk on October 14, 1940, notice thereof being served on the defendant on the 15th of the same month. Within the thirty days following the service of notice of the judgment, the defendant moved to set the same aside, to open the default, and to be allowed to file his answer. In stating the grounds which led him to exercise his discretion in favor of the defendant, the district judge in his decision said:

"None of the grounds advanced by the defendant to explain his default is in the least meritorious. His answer, however, set out a meritorious defense, to wit, that the defendant paid the amount of the promissory note to its original holder while in the possession of the latter. Inasmuch as the note was indorsed after it had become due and, according to the complaint, was of a civil and not of a mercantile character, the defense of payment would be binding upon the plaintiff. Since the default of the defendant was apparently due to error or negligence on the part of his attorney and not due to the defendant himself, we think that we ought to accord the latter an opportunity to substantiate his alleged defense."

The appellant attacks the order appealed from mainly because, according to him, the defendant when trying to explain his negligence invokes an error of law, whereas only errors of fact justify the opening of a default. In this connection he cites a great many cases which tend to support his contention; but it should be observed that in almost all of them, unlike the case herein, the appeals involved were from orders refusing to open defaults entered. The appellant's attorney himself so acknowledges and honestly admits in his brief (page 5), that it is difficult to obtain a reversal of an order granting the opening of a default, "for appellate courts do not disturb as far as possible the rulings of lower courts which are discretionary." And such is the case indeed. After the default is opened the case may be determined on its merits, thus meting out full justice to the parties without prejudicing their legitimate rights. If defendant's allegation that he had paid the obligation sought to be enforced, turned out to be true, would it then be just to compel him to pay the same again because, owing to an error more or less justifiable on the part of his attorney, he had failed to file his answer within the term allowed by the court? If the defendant actually owes the amount of the note sought to be collected, would the rights of the plaintiff be prejudiced in any way by according him an opportunity, which he himself should request, to show that his claim is honest and just?

As said by Judge Cardozo in his treatise The Nature of Judicial Process, p. 100 *et seq.*, we should not lose sight of the purpose sought by the law but should endeavor to have its rules lead to the attainment of that purpose.

██ The question is not entirely new in this jurisdiction. In *Sierra* v. *P. Longo & Co.*, 45 P.R.R. 783, contrary to what the appellant says in attempting to distinguish the case, an error of law was involved. In the order of the district judge, partly transcribed on pages 786, 787, it was said:

"We have no doubt that the defects in the motion for a change of venue, as well as those in the first motion to open the default, were due to the inexperience of the attorney who first took charge of the case. We say this without disparagement to said attorney, for he is just starting to practice his profession and it does not surprise us that he should make mistakes, as we all do, and more frequently when we start to practice the profession without having at our side a colleague to guide us in our first steps along the tortuous path of procedure.

"Under those circumstances, would it be fair to deprive the party of his right to be heard in his defense because of the mistakes made by the attorney?"

And in affirming the order appealed from, this court said:

"The case is on the border line.* The error of the attorney must be borne by the party. That is the rule. Otherwise litigation would be interminable. But there are extraordinary cases where the mistake is so evident, the question involved so technical, and the suit is at such an early stage, that not to hear the case on the merits would constitute a notorious injustice which must be avoided whenever possible."

That is the generally accepted rule. From a recent monograph which appears in 126 A.L.R. 369, we take the following excerpts:

"Attention is called to the general rule that the granting of a motion to open or set aside a default judgment is within the sound discretion of the trial court, the action of which will not be disturbed on appeal except for a clear abuse of discretion. See 15 RCL, Judgments, p. 720, sec. 174. It is also stated in the same authority that 'a refusal to set aside a judgment on meritorious defense shown and on a proper equitable ground may amount to an abuse of discretion which may be corrected on appeal.'

"  *       *       *       *       *       *       *

"It is interesting to note that while in some of the cases the action of the trial court in refusing to open a default, under the circumstances of the case, has been overruled as amounting to an abuse of discretion, in none of the cases herein has the action of the trial court in opening a default been reversed. In this connection, attention is called to the following statement in *Parks* v. *Coyne* (1911)

NOTE: Correction. See *González* v. *González*, 57 P.R.R. 282, 287.

156 Mo. App. 379, 137 SW 335, infra: 'It is well settled that the appellate court is less apt to interfere when the judgment was set aside than when it was not. This is upon the theory that when the judgment is set aside, the cause is reopened, and justice will yet be done on the merits between the parties.' . . . Whether a defendant seeking to open a default has presented a meritorious defense is a question which, although separate and distinct from that as to whether facts are alleged excusing defendant's failure to appear or answer, is taken into consideration in practically all of the cases, and is referred to in the discussion of the individual decisions."

■ Lastly, it is urged by the appellant that even conceding that an error of law might justify the opening of the default, even then a reversal of the order appealed from lies because the affidavit of merits is insufficient, inasmuch as it is not stated therein that the defendant has set out the facts of his case before an attorney and the latter has assured him that he had a meritorious defense. It will be sufficient for us to say that in the last resort it is the court which shall determine whether or not the defendant has a good defense on the merits, and the court so found in view of the verified answer of the defendant, in which it is averred that the obligation sought to be enforced has been paid. That being so, it was not an indispensable requisite that the affidavit of merits should express that the defendant had a meritorious defense.

For the reasons stated the appeal must be denied and the order appealed from affirmed.